IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD ALEXANDER PERALES TREVINO, JR., | § § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-02854-E (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Richard Alexander Perales Trevino, Jr., filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should dismiss the petition for want of prosecution under Fed. R. Civ. P. 41(b).

I.

Trevino filed his petition on November 26, 2019. He did not pay the filing fee or file a motion to proceed *in forma pauperis*. On December 5, 2019, the Court sent Trevino a notice of deficiency and ordered him to pay the filing fee or file a motion to proceed *in forma pauperis* within 30 days. The deficiency order informed Trevino that failure to cure the deficiency within 30 days could result in a recommendation that this case be dismissed. More than 30 days have passed, and Trevino has failed to respond to the deficiency order.

1

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386 (1962)). Trevino has failed to respond to the Court's deficiency order. This litigation cannot proceed until Trevino complies with the Court's order and either pays the filing fee or files a motion to proceed *in forma pauperis.* Because Trevino has failed to prosecute this action, his petition should be dismissed.

III.

The petition for writ of habeas corpus should be DISMISSED without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed February 18, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).